UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS MICHAEL JOHNSON,**

   **Petitioner,**

v.                                                              Case No: 8:16-cv-1839-T-27AAS
                                                                   Case No: 8:14-cr-167-T-27AAS

**UNITED STATES OF AMERICA,**

   **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 1), his amendment to his § 2255 motion (Dkt. 9), memorandum in support (Dkt. 10), the United States' response (Dkts. 11, 12), Johnson's reply (Dkt. 14), and his Supplemental Authority and Argument (Dkt. 16). Upon consideration, Johnson's § 2255 motion, as amended, is **DENIED**.

## BACKGROUND

Petitioner Johnson was indicted and charged with possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count One) and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Two). (cr. Dkt. 1)[1]. He pleaded guilty to Count One pursuant to a plea agreement. (cr. Dkts. 30, 38). He was sentenced to 180 months as an armed career criminal, followed by 5 years of supervised release. (cr. Dkts. 49, 52, 61 at 8, 12-13). Based

---

[1] References to the underlying criminal case, No. 8:14-cr-167-T-27AAS, are cited as (cr. Dkt. [entry number]).

1

on Johnson's three prior Florida convictions for selling cocaine, his conviction for sale of a controlled substance within 1000 feet of a worship center, and conviction for burglary, his sentence was enhanced under 18 U.S.C. § 924(e). (cr. Dkt. S-47 ¶ 23). He did not object to the enhancement, and did not appeal (cr. Dkt. 61 at 8, 13)

Judgment was entered on November 18, 2014. (cr. Dkt. 52). More than a year after his conviction became final, he filed the instant § 2255 motion in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court struck as unconstitutional the residual clause in the definition of "violent felony" in the Armed Career Criminal Act (ACCA). In his original § 2255 motion, Johnson states:

> previously I had three predicate convictions that qualified me as an armed career offender. Following *Johnson*, my prior conviction in the state of Florida for burglary is no longer valid. Further, my prior Florida State conviction for sale of cocaine . . . while consisting of three individual sales - the case was "officially consolidated", sentenced on the same day by the same judge and were scored on the same sentencing guideline score sheet. Finally, all three sales were to a single officer[.] [F]or this reason, [the cases count] as only one prior.

(Dkt. 1 at 4).[2]

In his amended motion, Johnson adds: "That [for] my prior Florida state convictions for sale of cocaine . . . the state [statute] is broader [than] the generic [statute] within the meaning cited in" *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Dkt. 9 at 2). He also adds a claim of ineffective assistance of counsel: "Trial counsel was ineffective for failing to object to the Petitioner's (ACCA) enhancement by the district court, under

---

[2] In his subsequent filings, Johnson expressly abandoned his claim that his consolidated sale of cocaine convictions constitute only one conviction under the ACCA. (Dkt. 14 at 2). Although those cases were consolidated for sentencing, the conduct giving rise to the offenses occurred on different days. (Dkt. 16 at 5); (cr. Dkt. S-47 ¶ 23); *see also United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013) ("To satisfy the ACCA's different-occasions requirement, a defendant must have at least three prior convictions for crimes 'that are temporally distinct.'").

2

*Descamps.*" (Id.).

**DISCUSSION**

The United States contends that Johnson procedurally defaulted his claims by failing to object at sentencing to his ACCA enhancement and failing to appeal. The United States also contends that his non-*Johnson* claims are time barred. Both contentions have merit, but even if Johnson's claims are not procedurally defaulted and timely, he is not entitled to relief on the merits. His four prior sale of cocaine and controlled substance convictions are "serious drug offenses" under the ACCA, notwithstanding that his prior burglary conviction is not after *Johnson*. Accordingly, he was properly enhanced under § 924(e), as he had at least three predicate convictions under the ACCA, triggering the enhancement.

**I.     Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEPDA") establishes a one-year limitation period for § 2255 motions. *See Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; [or]
> . . .
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review [. . . .]

28 U.S.C. § 2255(f). Johnson filed his § 2255 motion on June 22, 2016,[3] more than a year after his judgment of conviction became final in early December 2014. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's section 2255 motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing." *Bullock v. United States*, 655 F. App'x 739, 741 (11th Cir. 2016) (citation omitted).

judgment of conviction becomes final when the time for seeking that review expires."); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the . . . entry of . . . the judgment or the order being appealed . . . .").

Johnson relies on § 2255(f)(3), observing that the holding in *Johnson* was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). And the Eleventh Circuit has held that a Florida burglary conviction is not a qualifying ACCA predicate. *United States v. Esprit*, 841 F.3d 1235, 1237 (11th Cir. 2016).

While acknowledging that Johnson's claim under *Johnson* is timely and cognizable, the United States argues that this does not "'miraculously revive' his *non-Johnson* related, time-barred claims" challenging his drug convictions. (Dkt. 12 at 8 (citing *Zack v. Tucker*, 704 F.3d 917, 921-22, 925-26 (11th Cir. 2013)). Indeed, the timeliness of a § 2255 motion is viewed on a claim-by-claim basis. *Zack*, 704 F.3d at 926. "In other words, if a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, [courts] must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017).

The United States is correct. Johnson's sale of cocaine and controlled substance convictions are not impacted by *Johnson*. Those convictions constitute "serious drug offenses" as defined in § 924(e) and therefore qualify as predicate offenses for purposes of the ACCA enhancement. *See In re Cook*, No. 16-12745-J, 2016 U.S. App. LEXIS 13134, at *7 (11th Cir. June 17, 2016) ("*Johnson* had no impact on the ACCA's definition of a serious drug offense."). He could have challenged whether those convictions qualified as predicate offenses under the ACCA within one year of when

4

his conviction became final, notwithstanding the later decision in *Johnson*. He fails to allege any compelling reason to justify equitable tolling of the limitation period. His claim of actual innocence under the ACCA enhancement is without merit. And his new claim of ineffective assistance of counsel is likewise time barred. His claims are therefore untimely and his § 2255 motion to vacate is due to be denied.

**II.     Procedural Default**

The United States correctly contends that Johnson's claims are procedurally defaulted.[4] This Circuit explains:

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. A claim is procedurally defaulted even if it was foreclosed explicitly by existing circuit precedent at the time of the defendant's direct appeal. Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence.

*Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (citations omitted). Indeed, the claims Johnson asserts in his motion were not raised when he was sentenced or on appeal. He acknowledges default (Dkt. 14 at 2), but contends he is "actually innocent" of the ACCA enhancement because he does not have the requisite prior convictions.

As discussed, his contention is without merit, since his prior drug convictions qualify as predicate offenses under the ACCA. Moreover, Circuit precedent forecloses his argument. As noted in *Hill*, a movant cannot satisfy the actual innocence exception when he only argues legal innocence of not having the requisite violent felony under the ACCA, rather than factual innocence. 569 F.

---

[4] An ineffective assistance of counsel claim is not procedurally defaulted for failing to be raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 509 (2003); *United States v. Balcazar*, 775 F. App'x 657, 660 (11th Cir. 2019). In any event, the claim is time-barred, and Johnson is unable to raise the claim.

5

App'x at 648. The same reasoning applies to a "serious drug offense" predicate. *See Hudson v. United States*, No. 8:12-CR-86-T-30TGW, 2014 WL 4279374, at *2 (M.D. Fla. Aug. 29, 2014) (citing *Hill* in finding that legal innocence of enhancement based on "serious drug offenses" does not excuse default).

Even if Johnson could establish cause for his procedural default, he cannot demonstrate prejudice. To show cause for not raising a claim, he must identify "some objective factor external to the defense" that impeded his ability to raise the claim. *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). Even if Johnson or his counsel decided not to raise his contentions because success was unlikely based on Circuit precedent, the "[p]erceived futility of a claim does not constitute cause for procedural default." *Id.* at n.19 (citation omitted).

However, a petitioner can show cause where the claim "is so novel that its legal basis [was] not reasonably available to counsel." *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court has recognized three such situations: (1) when the Supreme Court "explicitly overrule[s] one of [its] precedents" in announcing its constitutional rule; (2) when the Supreme Court's decision "overturn[s] a longstanding and widespread practice to which [it] has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; and (3) when the Supreme Court "disapprove[s] a practice [it] arguably has sanctioned in prior cases." *See Rose v. United States*, 738 F. App'x 617, 626 (11th Cir. 2018) (quoting *Reed v. Ross*, 468 U.S. 1, 16-17 (1984)). In *Rose,* the court found cause for a petitioner's failure to challenge the ACCA's residual clause because, in striking the clause as invalid*, Johnson* overruled precedent. *Id.* at 626.

While under *Rose,* Johnson may have cause for failing to challenge his prior burglary conviction as an ACCA predicate conviction, he is unable to show cause for failing to challenge his

6

prior drug convictions as "serious drug offenses" under the ACCA, since, as discussed, those convictions are valid predicate convictions under the ACCA, notwithstanding *Johnson*. With regard to the ACCA's definition of "serious drug offense," Johnson cites no authority in which the Supreme Court explicitly overruled precedent, overturned a longstanding practice, or disapproved of a practice it arguably sanctioned in the past. Rather, he cites *Mathis*, and *Descamps* (which preceded Johnson's sentencing), suggesting that these cases fall within the three exceptions recognized in *Ross*. However, these cases address the "violent felony" predicate convictions in § 924(e), not the "serious drug offense" predicate convictions.[5]

Moreover, Johnson cannot establish prejudice. To show actual prejudice and to "prove a *Johnson* claim, a movant must establish that his sentence enhancement turned on the validity of the residual clause." *Rose*, 738 F. App'x at 629 (citing *Beeman*, 871 F.3d at 1221). "Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation." *Id.* As noted, even without the burglary conviction, Johnson still would have been sentenced as an armed career criminal. His claims are therefore procedurally defaulted.

## III.   The Merits

Even if his claims are not procedurally defaulted and considered timely, they are without merit. The United States concedes that Johnson's burglary conviction is no longer a valid predicate for his ACCA enhancement, but correctly maintains that he nonetheless is properly designated as an armed career criminal under the ACCA because of his four prior serious drug offenses. (Dkt. 12

---

[5] Moreover, as discussed below, Johnson's ineffective assistance of counsel claim is not meritorious and therefore insufficient to establish cause. *See, e.g.*, *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

at 3). And he has voluntarily relinquished his argument that the consolidated sale of cocaine convictions constitute only one conviction under the ACCA. This leaves his contention that section 893.13(1), Florida Statutes, is broader than and proscribes conduct falling outside the ACCA's "serious drug offense" definition, and his related ineffective assistance of counsel claim.

**ACCA designation**

Under the ACCA, a 15 year minimum term of imprisonment is to be imposed on one who violates § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "Serious drug offense" is defined as "an offense under State law," punishable by at least ten years of imprisonment, "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." § 924(e)(2)(A)(ii). "Distribute" means to "deliver (other than by administering or dispensing) a controlled substance or a listed chemical." 21 U.S.C. § 802(11). "Deliver" or "delivery" "mean the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." § 802(8). Section 893.13(1)(a), Florida Statutes, provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."[6]

Johnson contends that the Florida "offense of 'to sell' under § 893.13 can be accomplished without the actual, constructive, or attempted transfer of a controlled substance." (Dkt. 16 at 5). He reasons that § 924(e)(2)(A)(ii) therefore does not include a Florida conviction for the sale of a

---

[6] In Florida, cocaine offenses are second degree felonies that can result in more than ten years of imprisonment. Fla. Stat. § 893.13(1)(a)(1) and § 775.082(3)(d); *see also United States v. Russell Johnson*, 570 F. App'x 852, 856-57 (11th Cir. 2014). Drug offenses within 1000 feet of a physical place of worship are first or second degree felonies depending on the substance. Fla. Stat. § 893.13(1)(e).

8

controlled substance without physical transfer of a controlled substance. (Dkt. 14 at 7-8). He also challenges the Eleventh Circuit's interpretation of "involving" in § 924, including cases like *United States v. James*, 430 F.3d 1150 (11th Cir. 2005). (Dkt. 16 at 7-12). Finally, he contends the ACCA's definition of "serious drug offense" is void for vagueness. (Dkt. 16 at 18). Each of these contentions is without merit.

The *James* interpretation of "involving" in § 924 remains good authority in this Circuit, even after *Descamps*, *Mathis*, and *Johnson*. *See, e.g.*, *United States v. Dover*, 710 F. App'x 380, 383 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 2624 (2018); *United States v. White*, 837 F.3d 1225, 1235 n.13 (11th Cir. 2016).[7] Moreover, *James* concerned a conviction for possession, not sale under a Florida statute that did not refer to an intent to distribute.

By contrast and without explicitly relying on § 924's "involving" language, this Circuit has held that a sale of a controlled substance under § 893.13(1) amounts to distributing:

> [A] conviction under the statute for selling or delivering a controlled substance necessarily amounts to "distributing" a controlled substance within the meaning of the ACCA. Under federal law, the term "distribute" means "to deliver," which, in turn, denotes any "transfer of a controlled substance." 21 U.S.C. § 802(8), (11). The fact that the ACCA does not specifically use the terms "sell" or "deliver" is irrelevant because distribution of a controlled substance encompasses, as a matter of definition, any method of transferring a controlled substance, including sale or delivery. [Defendant's] Florida conviction for being a principal in the sale or delivery of a controlled substance does qualify as a serious drug offense under the ACCA.

*See United States v. Franklin Johnson*, 515 F. App'x 844, 847 (11th Cir. 2013); *see also Russell*

---

[7] The Eleventh Circuit noted that *Descamps* and *Mathis* "addressed only the question of when a court may use a modified categorical approach," or in other words, rely on *Shepard* documents to determine whether a defendant was convicted of an offense that satisfies an enhancement statute. *Dover*, 710 F. App'x at 383; *see also Shepard v. United States*, 544 U.S. 13, 26 (2005). To the extent the Court must consider *Shepard* documents to evaluate Johnson's Florida convictions, the Court finds that Johnson was convicted of sale of cocaine, not simple possession. (Dkt. 10 at 12-14). In his filings, Johnson concedes as much. (Dkt. 1 at 4; Dkt. 10 at 3-4; Dkt. 14 at 7; Dkt. 16 at 5).

*Johnson*, 570 F. App'x at 857 (rejecting argument under *Descamps* in finding "sale of cocaine" a "serious drug offense"); *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) ("Section 893.13(1) of the Florida Statutes is . . . a "serious drug offense . . . .")

As for Johnson's vagueness challenge, the ACCA's definition of "serious drug offense" does not suffer the same infirmities as the residual clause invalidated in *Johnson. See In re Cook*, 2016 U.S. App. LEXIS 13134, at *7; *see also Freeman v. United States*, No. CV415-242, 2015 U.S. Dist. LEXIS 168195, at *5 n.5 (S.D. Ga. Dec. 16, 2015), *adopted by* 2016 U.S. Dist. LEXIS 2478 (S.D. Ga. Jan. 8, 2016) ("[T]he ACCA's 'serious drug offense' definition contains no language that even remotely resembles the residual clause language *Johnson* found objectionable."). Accordingly, his void for vagueness argument fails.[8]

**Ineffective assistance of counsel**

Johnson contends that his attorney was ineffective in failing to object to his ACCA designation and failing to challenge his prior convictions as predicate convictions under the ACCA. (Dkt. 9). To establish ineffective assistance of counsel, Johnson must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

First, Johnson is unable to demonstrate deficient performance by counsel in failing to object to his ACCA designation. Any such objection and challenge would have been unsuccessful, except for a challenge to his prior burglary conviction. But even without considering the prior burglary

---

[8] To support many of his arguments, Johnson relies on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). There, the Fifth Circuit addressed the narrow question of whether a Texas statute which proscribed "offering to sell" was divisible for the purpose of the career offender enhancement. 832 F.3d at 571. The Eleventh Circuit, meanwhile, has already determined that Florida's section 893.13(1)(a)(1) is divisible, *see Spaho v. United States Attorney Gen.*, 837 F.3d 1172, 1177 (11th Cir. 2016), which Johnson acknowledges (Dkt. 14 at 6-7).

conviction, Johnson had four convictions for sale of cocaine and sale of a controlled substance within 1000 feet of a physical place of worship, the necessary predicate convictions under the ACCA. Counsel cannot be labeled ineffective for failing to raise issues which have no merit. *See Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir.1987) (evaluating likelihood of success on claim in assessing deficiency of counsel); *Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008) (*citing Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001)); *Ladd v. Jones,* 864 F.2d 108, 110 (11th Cir. 1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000);*Card v. Dugger,* 911 F.2d 1494, 1520 (11th Cir. 1990).

Even if counsel should have objected to Johnson's ACCA designation and challenged his prior convictions as predicate convictions, particularly his prior burglary conviction, Johnson is unable to demonstrate prejudice resulting from counsel's failure to object. Even if an objection had been made, he would have been designated as an armed career criminal based on his four prior "serious drug offenses."

The record demonstrates that Johnson's claims are procedurally defaulted, time barred, and otherwise without merit.[9] An evidentiary hearing is unnecessary.[10] His Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, as amended, is accordingly DENIED.

---

[9] This Court is mindful of its responsibility to address and resolve all claims raised in Johnson's motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir.1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254"). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply. Accordingly, to the extent Johnson purports to raise any new claims in his Reply or Supplemental Authority (Dkts. 14, 16), those claims will not be considered.

[10] An evidentiary hearing is not required if the § 2255 motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### IV. Certificate of Appealability

Johnson is not entitled to a certificate of appealability ("COA"). Under AEDPA, an appeal in a § 2255 proceeding requires a COA. 28 U.S.C. § 2253(c)(1). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Johnson is unable to meet this standard. The request for a COA is therefore DENIED. Because he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

The Clerk is directed to enter judgment in favor of the United States and **CLOSE** this case.

**DONE AND ORDERED** this 19th day of September, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record